JOHN WEISENBERGER, ETC., *v.* ERNEST GROEBE.

**Reformation of Instruments—Sufficiency of Evidence.**

The evidence of parties directly interested was held not sufficient to justify the reformation of a deed to the land in question.

**Cancellation of Instruments—Contract of Sale—Title to Land.**

Where one has accepted a conveyance of land with covenants of general warranty, and has taken possession of the premises, the fact that the absolute title to the land was not in his grantors, does not of itself entitle the grantee to a rescission of the contract of sale.

**Life Estates—Power of Sale—Presumption.**

Unsupported testimony of grantees of a life estate in land that they believed that the deed conferred on them the power to mortgage or sell the property, was held sufficient to rebut the presumption of fraud on their part in the sale of the property which they had no right to sell.

**Vendor and Purchaser—Liability for Purchase Money.**

A purchaser of real estate having accepted the conveyance and taken possession of the land, he cannot resist the payment of unpaid purchase money without establishing fraud in the sale or the insolvency of his warrantor.

**Improvements—Pleading—Allegation As to Value.**

Where improvements were not made under a contract either express or implied, an allegation as to their value cannot be taken as true.

APPEAL FROM KENTON CIRCUIT COURT.

September 10, 1873.

OPINION BY JUDGE LINDSAY:

The proof very conclusively establishes that it was the intention of John Weisenberger, by the deeds from himself to Reck, and from Reck to his wife, Mary Weisenberger, to invest her with a life estate in the realty therein described, with remainder to himself for life in case he should survive her, and then remainder in fee to his children, and as we understand the judgment of the chancellor to direct the master to prepare and execute a conveyance conforming to this view, it is to that extent approved.

We are also of opinion that he properly refused to so reform the deed from Reck as to reserve to Weisenberger and wife the right to sell or mortgage the estate at their discretion. There is no tes-

timony except their own conducing to show that it was intended that any such right should be reserved to them; no such impression was made upon the mind of Ellis, the draftsman of the deeds, and Reck, who was a German and who could understand the parties, says nothing about such reservation ever having been spoken of in his presence. The evidence of parties thus directly interested will not of itself justify the chancellor in reforming for their benefit an instrument of the solemn character of a deed of conveyance for realty. To this extent the judgment is affirmed. It seems, however, that Groebe is not entitled to the relief granted him. He has accepted a conveyance with covenant of general warranty and is in possession of the premises. The fact that the absolute title to the realty was not in his grantors does not of itself entitle him to a rescission of the contract of sale.

He alleges, it is true, that Weisenberger and wife fraudulently represented to him that their title was perfect, and that they had the legal right to sell and convey. That he relied upon these representations and that they knew them to be false at the time they were made.

The knowledge of their want of title or power to convey is the gravamen of the fraud charged, and this they deny, by alleging a mistake in the deed from Reck to them and the belief upon their part at the time of the transaction with Groebe that the conveyance invested them with an estate for life, with power to sell and mortgage the same.

It is true that ordinarily courts would be reluctant to permit parties to plead ignorance of the contents of the title papers under which they hold, but in this case it is clear that the conveyance did not correctly set out the intention of the grantor as to the remaindermen in fee, and the ignorance of John and Mary as to the force and effect of the English language may be regarded as a sufficient reason for their want of a correct understanding of the conditions and limitations embodied in Reck's deed, and whilst their unsupported testimony on the subject did not authorize the chancellor to reform the deed so as to invest them with a power antagonistic to and possibly destructive of the estates secured to John's children, it is sufficient to rebut the presumption of fraud arising from the sale by them of property that they had no right or power to sell.

The charge of fraud not being made out we are aware of no rule of equity practice authorizing a judgment for the rescission of the contract.

Having accepted the conveyance, and being in possession, Groebe could not resist the payment of the unpaid purchase money without establishing fraud in the sale, or insolvency upon the part of his warrantor. He has done neither of these things in this case, and certainly he can not have a rescission, when he might be compelled to complete his purchase by paying the balance due on the purchase price. It was error in any view of this case to take as confessed the alleged value of the improvements. Weisenberger and wife deny that they are of the value claimed in Groebe's petition, but even if they had not denied it, as they were not made under a contract either express or implied, the allegation of value can not be taken as true. The judgment must be reversed on the appeal of Weisenberger and wife.

Upon the return of the cause Groebe should be allowed to amend his petition and set up additional grounds for relief in case he desires to do so, and time should be given him for further preparation. On the cross-appeal judgment *affirmed*.

*Handy & Wright, for appellant.*

*Fisks, for appellee.*